UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASEN LYNN DUSHANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00589-JPH-MG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| NICOLE OSBORN, | ) | |
| M. MYERS, | ) | |
| L. DAVIS, | ) | |
| B VIGIL, | ) | |
| HOUGHS, | ) | |
| SECCHETTI, | ) | |
| S. KALLIS, | ) | |
| F MCCARTHY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiff Jasen DuShane's emergency motion for a temporary restraining order ("TRO"). Dkt. 19. He asks for an order requiring all Defendants, or just Lt. Burleson and Secchetti, to stay 50 feet away from him. *Id.*

In his motion, he makes the following allegations: On April 17, 2023, Mr. DuShane pushed his emergency call button because he felt like hurting himself. He was taken to the SHU and threatened to hang himself in front of Lt. Burleson. Mr. DuShane acted on his threat and officers were called in response. Lt. Burleson grabbed the towel that was around Mr. DuShane's neck and wrung it so that Mr. DuShane could not breathe. Mr. DuShane passed out and woke up on the floor with the officer's foot on his back, handcuffed and shackled. Lt.

1

Burleson stated, "this is what you get if you mess with me." Dkt. 19. Lt. Burleson later placed Mr. DuShane in a cell with an incompatible cellmate and was again assaulted. Mr. DuShane wants all defendants, especially Lt. Burleson and Sechettito be ordered to stay at 50 yards away from him.

While Mr. DuShane's allegations are serious, he has not shown that a TRO is warranted.

Under Federal Rule of Civil Procedure 65(b)(1)(A), the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." In addition, a court may only grant a motion for injunctive relief if there is a relationship between the injury claimed in the motion and the conduct alleged in the complaint. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief). Likewise, "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

In his complaint, Mr. DuShane pursues claims against the United States under the Federal Tort Claims Act ("FTCA"). Dkt. 1. He pursues claims for

damages against the individual defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.*

The Court cannot enter an injunction against the United States because injunctive relief is not available under the FTCA. 28 U.S.C. § 1346(b) (suit must be against United States itself for money damages).

As to the individual defendants named in the complaint. Injunctive relief is not available under *Bivens v. Passman*, 442 U.S. 228, 245 (1979) (under *Bivens*, "it is damages or nothing" (cleaned up)). Mr. DuShane might theoretically be able to obtain injunctive relief against the individuals in their official capacity, but his complaint specifically states that he is suing the individual defendants in their individual capacity under *Bivens* and does not seek injunctive relief. Dkt. 1. Lt. Burleson is not named as a defendant.

Thus, any request for injunctive relief lacks a sufficient nexus with his complaint. Specifically, the Court could not identify any allegations in the complaint's 41-page narrative that would support a claim that based on the theory that Mr. DuShane has been physically abused by the defendants. Moreover, Mr. DuShane has not shown that any of the named defendants pose a risk of immediate and irreparable loss, injury, or damage to him.

Accordingly, Mr. DuShane's emergency motion for a Temporary Restraining Order, dkt. [19], is **denied**. Because of the serious nature of the allegations, however, the **clerk is directed** to send a copy of this Order to the Warden of FCI Terre Haute.

**SO ORDERED.**

Date: 5/30/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASEN LYNN DUSHANE
95629-011
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Warden Jeffrey E. Krueger
FCC Terre Haute
Federal Correctional Complex
P.O. Box 33
Terre Haute, IN 47808